J-A02045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAYLA T. THOMAS | : | |
| | : | |
| Appellant | : | No. 874 MDA 2018 |

Appeal from the Judgment of Sentence April 30, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002193-2014,
CP-22-CR-0002391-2014

BEFORE: LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY LAZARUS, J.:           **FILED MARCH 21, 2019**

Shayla T. Thomas appeals from her judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following the revocation of probation on two criminal dockets, CP-22-CR-0002193-2014 and CP-22-CR-0002391-2014. On appeal, Thomas challenges the discretionary aspects of her sentence. After careful review, we affirm.

On November 6, 2013, under docket number 2391, Thomas was charged with forgery (unauthorized act in writing),[1] theft by deception (false impression),[2] and criminal attempt[3] (theft by deception). On February 27,

---

[1] 18 Pa.C.S.A. § 4101(a)(2).

[2] 18 Pa.C.S.A. § 3922(a)(1).

[3] 18 Pa.C.S.A. § 901(a).

2014, under docket number 2193, Thomas was charged with forgery (utters any writing),[4] theft by deception (false impression), and receiving stolen property.[5] On January 29, 2015, Thomas pleaded guilty to all charges except criminal attempt, which was dismissed.

Initially, Judge John F. Cherry sentenced Thomas to an aggregate term of thirty-six months' probation, assigning the following sentences to run concurrently: on docket number 2391, thirty-six months' probation for forgery and twelve months' probation for theft by deception; on docket number 2193, thirty-six months' probation for forgery, twelve months' probation for theft by deception, and no further penalty for receiving stolen property. On January 21, 2016, Judge Cherry held a revocation hearing wherein Thomas was sentenced to an aggregate term of twenty-four months' probation, with credit for time served between November 24, 2015 and January 21, 2016.[6] On June 5, 2016, Judge Cherry held a second revocation hearing wherein Thomas was sentenced to an aggregate term of twenty-four months' probation.[7] On April 30, 2018, Judge William T. Tully held a third

_____

[4] 18 Pa.C.S.A. § 4101(a)(3).

[5] 18 Pa.C.S.A. § 3925(a).

[6] Judge Cherry found Thomas in direct violation of her probation following her conviction for recklessly endangering another person on November 24, 2015. N.T. Sentencing, 4/30/2018, at 2.

[7] The record provides the impetus behind Thomas' second violation of probation.

revocation hearing wherein Thomas received the sentence at issue—one to four years' incarceration on each count of forgery and theft by deception, all running concurrently.[8]

On May 9, 2018, Thomas filed a timely post-sentence motion, which the court denied. Thereafter, Thomas timely filed a notice of appeal on May 25, 2018. The court issued its Rule 1925(a) opinion on July 26, 2018.[9]

Thomas raises the following issue on appeal:

Did the trial court abuse its discretion in re-sentencing [Thomas] to a term of one (1) to four (4) years of incarceration on the charge[s of forgery and theft by deception][10] where the sentence was excessive and unreasonable.

Brief of Appellant, at 5.

Thomas' sole claim challenges the discretionary aspects of her sentence. There is no absolute right to appellate review of the discretionary aspects of

---

[8] Thomas was resentenced for indirect violations of her probation, namely for failing to refrain from overt behavior presenting a clear and present danger to herself or others, failing to refrain from using drugs (marijuana and PCP), and failing to follow the instructions of her probation officer, including failing to enter an inpatient drug and alcohol program. N.T. Sentencing, 4/30/18, at 3–4. Thomas does not contest the court finding her in violation of the terms of her probation. Brief of Appellant, at 7.

[9] Thomas did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The concise statement order, however, was not properly served on Thomas' counsel. Consequently, we decline to find waiver. *Commonwealth v. Hart*, 911 A.2d 939, 940–41 (Pa. Super. 2006).

[10] Thomas erroneously identified "possession with intent to deliver a controlled substance" as the underlying conviction at issue in her statement of questions presented, but correctly identified "forgery and theft by deception" in her argument. Brief of Appellant, at 5, 10.

sentencing. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved [her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042–43, quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Thomas preserved her claim in her post-sentence motion and filed a timely notice of appeal. Additionally, her brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Thomas raises a substantial question for our review.

"[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 81 A.3d 1, 10 (Pa. Super.

- 4 -

2013) (citation and quotation omitted). In her Rule 2119(f) statement, Thomas asserts her revocation sentence of one to four years' incarceration is manifestly excessive because such a sentence exceeds "a standard guideline sentence even if all counts were run consecutive[ly]." Brief of Appellant, at 9.

Thomas' claim fails to raise a substantial question. It is well-settled that "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations[.]" ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001) (quoting 204 Pa. Code § 303.1(b)). Moreover, even if the guidelines applied, Thomas' claim of excessiveness would not raise a substantial question, as her sentences are within statutory limits. ***See Commonwealth v. Kraft***, 737 A.2d 755, 757 (Pa. Super. 1999). Thomas' four-year maximum sentence does not exceed the limits imposed on either forgery or theft by deception. ***See*** 18 Pa.C.S.A. §1103 (limiting terms of incarceration for second-degree felonies to ten years); ***see also*** 18 Pa.C.S.A. 1104 (limiting terms of incarceration for first-degree misdemeanors to five years). Accordingly, Thomas' claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/21/2019</u>